# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CONNIE Y. BURTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-275-D |
| MIDWEST REGIONAL MEDICAL CENTER, LLC, | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Plaintiff's Motion to Compel Discovery [Doc. No. 29]. After reviewing the parties' briefs regarding the motion, the Court scheduled the matter for hearing on November 30, 2010. The parties were directed to meet and confer prior to the hearing and attempt to resolve the discovery dispute without the need for Court intervention.

At the conclusion of their conference, the parties advised the Court regarding issues on which they were able to reach agreement, and further advised the Court that a hearing would not be necessary in order for the Court to resolve the pending motion.

Accordingly, the motion is granted in part and denied in part as set forth herein, and the Court directs the following:

1. Defendant shall produce to Plaintiff's counsel the drug and alcohol testing records of employees who tested positive between January 1, 2005 and November 30, 2010;

2. With the exception of race, Defendant shall redact all personal identifiers from any record provided to Plaintiff's counsel;

3. To the extent the drug testing file does not already contain information regarding discipline of the person who tested positive, Defendant shall produce that information to Plaintiff's

counsel, to include whether the person was ever rehired by the Defendant.

Any information produced shall be treated as confidential information and used for the purposes of this litigation only; such information shall not be disclosed except as necessary in connection with this litigation; following the resolution of this litigation, the information shall be returned forthwith to the producing party; and the information may also be subject to the terms of a protective order which the parties have jointly submitted to the Court for approval but which is currently under consideration by the Court.

Because the foregoing information reflects, to some extent, drug and alcohol testing records of non-parties, the production of the same is governed by the Oklahoma "Standards for Workplace Drug and Alcohol Testing Act," Okla. Stat. tit. 40 § 551 *et seq.* In particular, production of such records is governed by Okla. Stat. tit. 40 § 560, which requires that such records be confidential. However, the statute permits disclosure under certain conditions including, *inter alia*, disclosure "pursuant to a valid court order." Okla. Stat. tit. 40 § 560(B). This Order constitutes that condition in compliance with the statute.

Accordingly, Plaintiff's motion [Doc. No. 29] is granted only to the extent provided herein and subject to the limitations set forth herein.

IT IS SO ORDERED this 7th day of December, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE